UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTONIO D. SASSO,<br><br>Defendant. | CASE NO. 3:23-cr-5175-BHS<br><br>DETENTION ORDER RE: VIOLATION OF CONDITIONS OF BOND |

THIS MATTER comes before the Court for a hearing on alleged violations of pretrial release. The Government moved to revoke the pretrial bond, based on the Petition of the United States Pretrial Officer (Dkt.23, 25, 26, 27), alleging that the defendant violated the conditions of supervision on the pretrial bond issued by Magistrate Judge David Christel (Dkt. 9). The Pretrial Officer, and the Assistant United States Attorney, recommended revocation of bond, and detention. The Government appeared through Assistant United States Attorney Elyne Vaught. The defendant appeared personally and represented by counsel, Heather Carroll, Assistant Federal Public Defender.

The violations numbered 2, 3, and 4 (see Dkt. 26, 27), were admitted by Mr. Sasso on the record during the hearing. The Government dismissed the remaining alleged violations. Dkt. 34.

Mr. Sasso stands charged with six counts: two counts of assault on a federal officer or employee (Counts 1 and 2); damage to United States Government property (Count 3); attempting to elude a police vehicle (Count 4); driving under the influence (Count 5); and possession of a controlled substance (Count 6). Dkt. 28, Indictment (filed 6-7-2023).

The Court considered the relevant factors under 18 U.S.C. §§ 3148 and 3142(g). The four factors are: 1. Nature and seriousness of the charges; 2. Weight of the evidence against the defendant; 3. History and characteristics of the defendant; and 4. "Nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(1)-(4). The Bail Reform Act recognizes that release should be the normal course, and "detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno,* 481 U.S. 739, 755 (1987). In evaluating whether the defendant poses a serious potential for dangerousness, it is not necessary for the government to produce, or for the Court to rely on, evidence of prior convictions for violent crimes. *United States v. Hir,* 517 F.3d 1081, 1091-92 (9th Cir. 2008).

The Court finds there is no condition or combination of conditions that would reasonably ensure safety of other persons and the community, or Mr. Sasso's appearance for hearings or trial. The violations admitted by the defendant are serious, including: failure to follow the Court's bond and instructions of pretrial

services officers; drug use; and failure to submit to a drug test. In addition, there are charges currently pending in state court and an order of protection that was entered on June 1, 2023, concerning conduct by Mr. Sasso against his [now estranged] spouse. The Court considered alternatives to detention, such as in-patient drug treatment in Spokane, Washington. The Court also considered whether additional supports -- such as potential placement at a residential re-entry center, and GPS monitoring of Mr. Sasso's location – would mitigate the risk of flight or non-appearance and mitigate the risk to the safety of others and the community. The Court finds by a preponderance of the evidence that the defendant poses a risk of flight or non-appearance, based on failure to follow the Court's orders, and the charges of the Indictment indicating that Mr. Sasso attempted to elude a police vehicle. Dkt. 1, Complaint, at 1; Dkt. 28, Indictment, at 2-3.

The Court also finds by clear and convincing evidence that the defendant poses a risk of danger to others or to the community. The offenses charged in the indictment indicate assaultive behavior; the Pretrial Services Officer stated during the hearing that an order of protection was entered against the defendant and it will be in effect for five years -- issued on June 1, 2023 -- concerning conduct against his spouse. These facts indicate "an articulable threat posed by the defendant to an individual or the community." *See, United States v. Munchel,* 991 F.3d 1273, 1282 (D.C. Cir. 2021) (quoting *Salerno,* 481 U.S. at 751).

Even with conditions by which the defendant's whereabouts could potentially be monitored, the Court finds that there are no conditions of release

DETENTION ORDER RE: VIOLATION OF
CONDITIONS OF BOND - 3

that would effectively mitigate the risk of flight or non-appearance, or the risk of dangerousness to others or to the community.

It is therefore **ORDERED**:

(1) Defendant's pretrial bond is revoked; he shall be detained and committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences, or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the correctional facility in which Defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The Clerk shall provide copies of this order to all counsel, the United States Marshal, and to the United States Probation and Pretrial Services Officer.

Dated this 12th day of June 2023.

Theresa L. Fricke
United States Magistrate Judge